NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3058

GLENDA A. ARMSTRONG,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Glenda A. Armstrong, of Jonesboro, Arkansas, pro se.

Ellen M. Lynch, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3058

GLENDA A. ARMSTRONG,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0831070224-I-1.

_____

DECIDED: March 10, 2008

_____

Before RADER, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PER CURIAM.

Glenda A. Armstrong requests that we review the final decision of the Merit Systems Protection Board (Board) in <u>Armstrong v. Office of Personnel Management</u>, DA0831070224-I-1 (Sept. 20, 2007). The Board affirmed the Office of Personnel Management's (OPM) decision denying Ms. Armstrong the payment of lump sum death benefits under the Civil Service Retirement System (CSRS). Because the Board's decision is supported by substantial evidence, in accordance with the law, and not procedurally defective, arbitrary, or capricious, we <u>affirm</u>.

BACKGROUND

The late Larry Lane was a former civil servant, employed by the U.S. Department of Energy. Prior to retirement, on March 6, 1975, he completed a CSRS Designation of Beneficiary form (CSRS form), designating eight individuals as beneficiaries of any lump sum death benefits still payable after his death under the Civil Service Retirement Act. These individuals include six of his children and stepchildren and two of his brothers. The signatures of Mr. Lane and two witnesses appear on this form.

Mr. Lane subsequently applied for retirement. On his retirement application, dated June 1, 1990, Mr. Lane identified six of his unmarried, dependent children on the form, none of whom were listed on Mr. Lane's CSRS form. The retirement application names, among others, three of Ms. Armstrong's siblings, Regina Armstrong, Genice Armstrong, and Jewel Suggs, but does not name Ms. Armstrong herself anywhere on the form. Although Mr. Lane signed his retirement application and filed it with OPM, no witness signatures appear on the form.

After Mr. Lane's death, OPM provided $4,591.20 in survivor benefits to one of his sons, Clarence L. Armstrong, while he attended school. As directed by the CSRS form, OPM distributed the remaining lump sum of $18,902.65 to those designated beneficiaries who had not predeceased Mr. Lane.

Ms. Armstrong contacted OPM by letter dated October 13, 2006, alleging that the CSRS form had been falsified, and that OPM should have relied on Mr. Lane's retirement application from 1990 to distribute the lump sum payments. OPM's initial decision, dated November 27, 2006, informed Ms. Armstrong that she was not eligible for survivor benefits because Mr. Lane had not included her in his CSRS form. OPM's

reconsideration decision affirmed its initial decision, reiterating that Ms. Armstrong was not entitled to a portion of the lump sum death benefits because of the order of precedence, as established by law. Citing 5 U.S.C. § 8342(c), OPM specifically noted that it was bound by a clear order of precedence. This order requires first distributing lump sum death benefits payments to beneficiaries as designated by the former employee in a signed and witnessed writing received before his death by OPM.

In reviewing Ms. Armstrong's appeal and her argument that the CSRS form was forged, the administrative judge assigned to the case (AJ) considered three documents signed by Mr. Lane prior to his death: (1) his CSRS form; (2) Mr. Lane's Federal Employee Group Life Insurance (FEGLI) Designation of Beneficiary form, signed and dated on the same day as his CSRS form, listing the same eight beneficiaries as on his CSRS form, and carrying the same witness signatures as on his CSRS form; and (3) Mr. Lane's signed retirement application from 1990. The AJ concluded that the CSRS form and the FEGLI form were executed by the same person at the same time and that the CSRS form had not been falsified. The AJ further concluded that, out of the documents offered by Ms. Armstrong, only the CSRS form meets the requirements of § 8342(c). Neither Mr. Lane's 1990 retirement application nor any other later document changed the original beneficiary designations that Mr. Lane made in his signed and witnessed CSRS form. Ms. Armstrong then filed a petition for review with the full board. The Board denied the petition for review, and the AJ's decision became the Board's final decision. Ms. Armstrong timely filed her appeal with us.

DISCUSSION

To the extent that Ms. Armstrong is appealing the denial of benefits for three of her siblings, she has no standing. Our judicial power of review created under Article III § 2 of the Constitution extends only to actual "cases" or "controversies." To establish standing to sue, Article III § 2 requires that a party must, "at an irreducible minimum," show (1) "that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct", (2) that "the injury 'fairly can be traced to the challenged action'", and (3) that the injury "is likely to be redressed by a favorable decision." Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982) (citations omitted). Yet, nowhere has Ms. Armstrong alleged to us that she personally has been adversely affected or aggrieved by the Board's decision. Her appeal appears limited to the argument that three of her siblings are rightfully owed lump sum death benefits,[1] and interpreted as such, there is no standing for the appeal.

Nonetheless, we are mindful that Ms. Armstrong appears before us pro se and that OPM has not raised the issue of standing on appeal. In fact, OPM's entire brief is

---

[1] See, e.g., App. Br. at 1 ("There was failure, that was not took into account that the late Larry Lane's children (three of them), did not receive any of their fathers retirement."); id. at 2 ("I would like for the court to see that the law for the retirement fund has been violated and that three of Larry Lane's children did not receive compensation of their fathers retirement. They are: Regina Armstrong, Genice Armstrong and Jewel Suggs."); App. Reply Br. at 1 ("The request that this Court review a final decision of the Merit Systems Protection Board ("MSPB" or "Board") that affirmed OPM's decision denying my siblings Regina Jackson (Armstrong), Genice Armstrong (Jackson), and Jewel Suggs lump sum death benefits under the Civil Service Retirement System ("CSRS")."); id. at 2 ("The MSPB incorrectly affirmed a decision over the lump sum benefit due to three of Mr. Larry Lane's children . . . ."); id. ("The action (relief) that I want the Court to take in this case is to affirm the decision of the late Mr. Larry Lane, which can be found [in his 1990 retirement application], to the three children that have his signature on it that was not signed and witnessed, on failure of OPM's part

directed to whether the Board properly denied benefits to Ms. Armstrong herself. We will therefore construe Ms. Armstrong's pleadings liberally as including an appeal of the denial of her benefits and reach the merits of her case. See, e.g., Forshey v. Principi, 284 F.3d 1335, 1357-58 (Fed. Cir. 2002) (en banc) (recognizing that a pro se litigant's submissions to the court are to be held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted).

That said, we have no reason to reverse the Board's decision. Pursuant to 5 U.S.C. § 7703(c), we must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." The petitioner bears the burden of establishing any errors in the agency decision. Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

In this case, Ms. Armstrong has not pointed to any abuse of discretion, error of law or procedure, or lack of substantial evidence in the Board's decision. Congress has unequivocally outlined in § 8342(c) the order of precedence for distributing lump sum payments of death benefits under CSRS. First, lump sum benefits are paid to any surviving beneficiaries as designated by the former employee "in a signed and witnessed writing received [by OPM] before his death." 5 U.S.C. § 8342(c). Second, if there is no eligible designated beneficiary, lump sum benefits are paid to the former employee's surviving widow or widower. Id. Lump sum benefits are paid to surviving children and descendants of deceased children by representation only if there are no

_____

to distribute their portion of their father's retirement benefit.") (grammar and punctuation

eligible designated beneficiaries or surviving spouses. <u>Id.</u> Because the Board's determination that Mr. Lane's CSRS form was neither falsified nor superceded by any later documents is supported by substantial evidence, we conclude that OPM properly followed the statutory order of precedence. Even were we to assume that Mr. Lane intended to designate the individuals listed on his retirement application form as beneficiaries to his lump sum death benefit payments, this form has no effect on his original designation because it was not witnessed in accordance with the requirements of § 8342(c). Hence, OPM had no discretion to award the lump sum benefits other than as required by statute.

For the foregoing reasons, we affirm the Board's decision.

---

as in original).